IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, RICHARD FISHER, and PHILLIP ARONOFF,<br><br>Plaintiffs,<br>v.<br><br>CITY OF CHICAGO, BALLY'S CHICAGO INC., BALLY'S CHICAGO OPERATING COMPANY, LLC, & SEAN BRANNON, STEPHAN FERRARA, DIONNE HAYDEN & CHARLES SCHMADEKE, *in their official capacity as Members of the Illinois Gaming Board*,<br><br>Defendants. | Case No. 1:25-cv-1017<br><br>Hon. Jeffrey I. Cummings |

**DEFENDANTS BALLY'S CHICAGO INC. AND BALLY'S
CHICAGO OPERATING COMPANY, LLC'S
RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Bally's Chicago, Inc. ("Bally's Chicago") and Bally's Chicago Operating Company LLC ("Bally's OpCo" and together "Bally's") respectfully move this Court to dismiss the complaint filed by Plaintiffs American Alliance for Equal Rights, Richard Fisher, and Phillip Aronoff, *see* Dkt. 1, in its entirety. In support of their motion, Bally's states as follows:

1. Plaintiffs are two Texas residents and a Texas-based organization "dedicated to ending racial and ethnic preferences across the United States." Complaint ("Compl."), ¶ 7. They claim they wanted to purchase an equity interest in Chicago's soon-to-be casino but were unlawfully restricted from doing so "because they are white males." Compl. ¶ 5. This lawsuit followed, with Plaintiffs alleging that the Bally's initial public offering (the "Bally's IPO") is


discriminatory conduct that violates 42 U.S.C. §§ 1981, 1982, 1983, and 1985. The Court should dismiss Plaintiffs' claims against Bally's for several reasons.

2. Plaintiffs have failed to plausibly allege multiple elements of their Section 1981 claim, including intentional race-based discrimination, but-for causation, and impairment of a contractual interest. While Plaintiffs repeatedly characterize the qualification criteria for the Bally's IPO as racially discriminatory, the criteria are not, in fact, neither race-based nor race-exclusive. The Bally's IPO allows participation by women *regardless of their race*, and by any member of a socially disadvantaged group as proscribed by the city municipal code (including categories which are explicitly race-neutral). Plaintiffs also could have participated in the Bally's IPO has part of any entity that is woman- or minority-owned. Thus, Plaintiffs have not, and cannot, allege that Bally's *intentionally* discriminated against them on the basis of race through its IPO. Nor have Plaintiffs plausibly alleged but-for causation under *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009 (2020). As the complaint admits, Plaintiffs cannot invest in the Bally's IPO not just because they are white, but because they are white males—a non-protected characteristic for which Section 1981 offers no legal redress. Finally, because the complaint offers only bare speculation that Plaintiffs suffered the possible loss of a future contract opportunity, not the loss of any actual contract interest, the Section 1981 claim fails to cross the line from conceivable to plausible and should be dismissed.

3. Plaintiffs' Section 1982 claim is facially deficient for the same reasons as their Section 1981 claim—it does not adequately allege intentional discrimination based on race, nor does it allege but-for causation under *Comcast*. Because Sections 1981 and 1982 are interpreted in tandem, as Section 1981 goes, so too should Section 1982. Both claims are not adequately pled and should be dismissed.

4.     The complaint also is devoid of any specific, material facts that suggest an agreement between Bally's and the City Defendants for the purpose of depriving Plaintiffs of their constitutional rights—an essential element of a Section 1985 claim. At best, Plaintiffs' loosely point to the HCA—a two-year-old agreement between Bally's OpCo and the City to develop and provide to Chicago residents a first-of-its-kind casino—that in no way establishes the discriminatory common objective Plaintiffs must allege.

5.     Because Plaintiffs do not and cannot allege a cognizable Section 1981, 1982, or 1985 claim against Bally's, their complaint, and the declaratory and injunctive relief sought therein, must be dismissed.

6.     In further support of its motion, Bally's files herewith their accompanying memorandum of law.

WHEREFORE, Bally's respectfully requests that the Court dismiss Plaintiffs' complaint in its entirety, and grant any other relief the Court deems just and proper.

Dated: April 4, 2025

Respectfully submitted,

*/s/ Patricia Brown Holmes*
Patricia Brown Holmes
Ronald S. Safer
Abigail L. Peluso
Lucas T. Rael
**RILEY SAFER HOLMES & CANCILA LLP**
1 S. Dearborn St., Suite 2200
Chicago, IL 60603
(312) 471-8700

*Counsel for Defendants Bally's Chicago Inc. and Bally's Chicago Operating Company*